**Motion for Stay and Petition for Writ of Mandamus Denied; Memorandum Opinion filed May 6, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00387-CV

### IN RE KATHERINE MILLIKEN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-68872**

## MEMORANDUM OPINION

Relator Katherine Milliken filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Elaine Palmer, presiding judge of the 215th District Court of Harris County, to set aside her order requiring a deposit of $7,500 in the court's registry before enforcing subpoenas served on two proposed witnesses at the upcoming trial. Relator also filed an emergency motion

seeking a stay of trial. *See* Tex. R. App. P. 52.10(a). The motion does not contain the required certification of expedited notice to all parties. *See id.* We deny the motion and the petition.

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). In determining whether the trial court clearly abused its discretion, we may not substitute our judgment for that of the trial court. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004).

Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). The most important of these rules is the critical obligation to provide the reviewing court with a complete and adequate record sufficient to establish the relator's entitlement to relief. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)). The relator must provide an appendix to the petition that includes "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k)(1)(A). Additionally, the relator must furnish a record that includes a certified or sworn copy of every document that is material to her claim for relief and that was filed in any underlying proceeding. Tex. R. App. P. 52.7(a)(1). Relator must file "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). A party proceeding *pro se* is not exempt from complying with the applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

Relator has not provided this court with a copy of the order about which she complains, any pleadings in the court below, or a record of the testimony from the

2

hearing that she states was held April 26, 2013. Relator has not established her entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus and motion for emergency stay.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Frost and Donovan.